# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Sherri L. Hughes

v.

Potter Homes, Inc., et al.

October 27, 2000

Case No. CL99-242

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether warranties on a new home were properly waived under Virginia Code § 55-70.1(C) so as to bar an action by the homeowner against the builder for defective workmanship.

*Facts*

Because the case is before the court on demurrer, the facts alleged in or reasonably inferred from the motion for judgment are deemed true. *West Alexandria Properties v. First Virginia Mortgage*, 221 Va. 134, 267 S.E.2d 149 (1980). Those facts, pertinent here, are as follows.

By contract dated September 8, 1996, Hughes agreed to purchase and Potter Homes agreed to sell a new single-family dwelling for $88,600.00. Potter Management owned the lot on which the house was to be built. Potter Homes was to construct the house. (After completion and prior to closing, Hughes would rent the house for $650.00 a month.)

In connection with the sale, Potter Homes acquired for Hughes limited warranty coverage issued by National Home Insurance Company (NHIC).

Hughes acquired title by deed dated July 11, 1997, and took occupancy.

Thereafter, the gas fireplace malfunctioned, causing extensive damage. Hughes' homeowner's insurance carrier paid for the damage. Potter Homes and its subcontractor, Columbia Propane, installed a new set of gas logs in the fireplace. Nevertheless, the fireplace again malfunctioned, causing damage.

Hughes' homeowner's insurance company refused to pay for the damage a second time, giving rise to this suit.

In this action, which she initiated on July 24, 1999, Hughes sues Potter Homes, Potter Management, and Columbia Propane for breach of express and implied warranties.

Columbia Propane filed a demurrer on the ground that Hughes' pleading sets forth insufficient facts of a contractual relationship between Hughes and Columbia Propane. Arguments were heard on October 16, 2000, and the court sustained the demurrer with leave to amend.

Potter Homes and Potter Management also filed a demurrer and plea in bar. They contend that the exhibits attached to the motion for judgment clearly and unequivocally show that Hughes expressly waived all warranties except those contained in the NHIC Home Buyers Warranty. Hughes contends that the waiver does not comply with § 55-70.1(C) and, therefore, is not effective. The court heard arguments on October 16, 2000, and took the matter under advisement.

## The Agreement

The parties' preprinted contract contains the following provision (paragraph 11) pertaining to warranties:

> 11. WARRANTIES. (a) PURCHASER acknowledges he has been afforded the opportunity to review the written builder's limited warranty prior to execution of this AGREEMENT, and agrees to accept this warranty as the sole warranty of the SELLER. IN SO ACCEPTING, PURCHASER HEREBY WAIVES ALL OTHER WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING THOSE PROVIDED IN SECTION 55-70.1 OF THE CODE OF VIRGINIA CONCERNING STRUCTURAL DEFECTS, WORKMANLIKE CONSTRUCTION AND HABITABILITY.

Hughes made application for the Home Buyers Warranty, paid the premium, and was issued a 35-page booklet by NHIC. The coverage provided "one year workmanship, two years systems, ten years structural coverage."

The application, signed by Hughes and Potter Homes, contains the following provision (paragraph 10):

> 10. The Homebuyer(s) and Builder understand, and by signing this form do hereby acknowledge, that the warranty is EXPRESS

LIMITED WARRANTY and that no person or entity shall have any liability whatsoever, by implication or otherwise, for claims which are not EXPRESSLY stated in the Warranty Book.

*Applicable Legal Principles*

At common law, there were no warranties in the sale of real estate. The doctrine of caveat emptor controlled all such transactions, including the sale of land upon which was constructed a building.

In 1979, the General Assembly modified the common law with respect to sales of new dwellings, creating implied warranties of workmanship, fitness for habitation, and structural soundness, if the seller is in the business of building or selling dwellings. Section 55-70.1(B). Those implied warranties are in addition to any express warranties made by the seller/builder.

The statute allows the parties to waive, modify, or exclude all warranties, express or implied, if the words of waiver, modification, or exclusion are "conspicuously (as defined by subdivision 10 of § 8.1-201) set forth on the face of such contract in capital letters which are at least two points larger than the other type in the contract and only if the words used to waive, modify, or exclude the warranties state with specificity the warranty or warranties that are being waived, modified, or excluded."

*Conclusion*

Without repeating the parties' contract language, quoted above, it is obvious that they intended to waive or exclude all warranties from this sale except those contained in the Home Buyers Warranty obtained for Hughes by Potter Homes and issued by NHIC. There is no ambiguity with regard to the waiver. The only question, then, is whether the words used to effectuate the waiver are conspicuously set forth in the manner required.

The court is of the opinion that the waiver complies with the statute. Subsection C of § 55-70.1 is similar to the U.C.C. provision for warranty disclaimers and exclusions. See § 8.2-316. Whether a waiver is conspicuous is a matter of law. See § 8.1-201(10). The words are conspicuously set forth, they are in capital letters, they are at least two points larger than the other type, and they specify with adequate particularity the warranties being waived.

With respect to the specificity, the language refers to all warranties, express or implied, other than the Home Buyers Warranty and particularly refers to the statutory warranties under § 55-70.1, "concerning structural defects, workmanlike construction, and habitability."

For these reasons, the demurrer is sustained and, because the deficiency cannot be cured, the action will be dismissed as to Potter Homes and Potter Management.